IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGER D. JOHNSON, | ) | CASE NO. 1:08 CV 2607 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

**Introduction**

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Roger D. Johnson, for disability insurance benefits. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Johnson had severe impairments consisting of unspecified arthropathias, somatoform disorders.[1] The ALJ made the following finding regarding Johnson's residual functional capacity:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except no repetitive push/pull activity involving the left shoulder, no overhead reaching with the left arm, no ladders, ropes and scaffolds and avoid extreme cold temperatures. The claimant is additionally limited to no work involving arbitration, confrontation or negotiation.[2]

---

[1] Transcript ("Tr.") at 14.

[2] *Id.* at 16.

The ALJ determined that the above-quoted residual functional capacity did not preclude Johnson from performing his past relevant work as a laser beam cutter.[3] He, therefore, found Johnson not under a disability.[4]

Johnson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Johnson argues that the residual functional capacity finding lacks substantial evidence because the ALJ gave insufficient weight to the opinion of a treating physician, Stephen Cheng, M.D., and failed to incorporate mental limitations supported by the administrative record.

I conclude that the residual functional capacity finding does not have the support of substantial evidence for the reasons explained below.  The case, therefore, must be remanded for further proceedings.

**Analysis**

**1.    The ALJ's treatment of the medical source opinions**

This is yet another case in which the ALJ has issued a technically deficient decision, and the Commissioner is arguing harmless error.

Specifically, the ALJ failed to adequately articulate with regard to the opinion of a treating physician as to work-related limitations and failed to include in the residual functional capacity finding mental work-related limitations recommended by the state agency

---

[3] *Id.* at 17.

[4] *Id.* at 18.

reviewing psychologists. The Commissioner argues, nonetheless, that the ALJ's decision that Johnson was capable of performing his past relevant work and was disabled has the support of substantial evidence. This Court, therefore, should disregard any shortcomings in the ALJ's treatment of medical source opinions as harmless error.

Johnson had torn rotator cuff surgery with continuing pain and a chronic pain disorder with depressive symptoms.[5] The ALJ found that Johnson had the residual functional capacity for medium work, with no overhead reaching of the left arm and a limitation to no work involving arbitration, confrontation, or negotiation.[6]

The surgeon who performed the rotator cuff surgery, Stephen Cheng, M.D., opined that Johnson could not lift more than ten pounds with his left arm below the shoulder and could not reach overhead.[7] Based upon a consultative psychological evaluation prepared by Kenneth Felker, Ph.D.,[8] the state agency reviewing psychologists proposed work involving simple, routine instructions and low-stress environments with minimal social interaction and the avoidance of work with strict production quotas and pressures to perform rapidly.[9] In the

---

[5] *Id.* at 233, 261.

[6] *Id.* at 16.

[7] *Id.* at 261, 264.

[8] *Id.* at 231, 233.

[9] *Id.* at 245.

main, the limitations opined by these medical sources were not incorporated by the ALJ into residual functional capacity finding.[10]

Although the ALJ summarized Dr. Cheng's treatment, diagnosis, and opinion in the decision, he "discounted" Dr. Cheng's statement that the claimant's injury rendered him totally disabled.[11] He explained that the doctor's report failed to reveal the type of significant clinical and laboratory abnormalities that one would expect if the claimant were in fact disabled.[12] The ALJ does not reference the limitation to lifting no more than ten pounds with the left arm.[13] He assigned greater weight to the opinion of the state agency reviewing physician,[14] even though that opinion was rendered without the benefit of a review of Dr. Cheng's opinion.[15]

## 2. Harmless error analysis

The ALJ's decision mishandled the medical source opinions in two significant respects:

- It totally ignored Dr. Cheng's opinion that Johnson could lift no more than ten pounds with his left arm below the shoulder and could not reach overhead.

---

[10] *Id.* at 16.

[11] *Id.* at 17.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 241.

- It omitted the limitations opined by the state agency reviewing psychologist to work invo1ving simple, routine instructions and low-stress environments without strict production quotas and pressures to perform rapidly.

Although theoretically a reviewing court may excuse errors involving medical source opinions as harmless, this is not such a case.

The Sixth Circuit in *Blakley v. Commissioner of Social Security*[16] very recently emphasized the limits of the harmless error exception in the context of medical source opinions. In that decision, the Court reemphasized its ruling in *Wilson v. Commissioner of Social Security*[17] and this Circuit's approach to the treating physician rule and the reason-giving requirement.[18]

The law of the Circuit as set out in *Wilson*, and reaffirmed by *Blakley*, requires controlling weight for treating source opinions under certain circumstances, a determination of how much weight a treating source's opinion should receive if not controlling, and good reasons given for the weight assigned to a treating source's opinion.[19] If the ALJ violates these requirements, his decision as to disability lacks substantial evidence, even if that decision otherwise may be justified on the record.[20] Harmless error exists only when a treating source's opinion is so patently deficient that the Commissioner could not possibly

---

[16] *Blakley v. Comm'r of Soc. Sec.*, 581F.3d 399 (6th Cir. 2009).

[17] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (2004).

[18] *Blakley*, 581 F.3d at 406-07.

[19] *Id.*

[20] *Id.* at 407.

credit it or where the Commissioner has otherwise satisfied the procedural safeguard of reasons.[21]

An ALJ violates the treating physician rule and the reason-giving requirement if he fails to mention the treating source's opinion[22] or fails to explain the weight given to the treating source's opinion if not controlling.[23] The summary statement that the treating physician's opinion is inconsistent with other substantial evidence on the case record is not enough to qualify for harmless error and avoid remand.[24]

Here the ALJ discussed Dr. Cheng's opinion but makes no reference whatsoever to the limitations to lifting not more than ten pounds below the shoulder and not reaching overhead.[25] This is the functional equivalent of not discussing the opinion at all.

Further, as reasons for "discounting" Dr. Cheng's opinion, the ALJ states that the medical records fail to reveal clinical and laboratory abnormalities that support an opinion of total disability.[26] Although a treating source's opinion as to disability is conclusory and entitled to no weight,[27] Dr. Cheng's opinion as to specific work-related limitations is a

---

[21] *Id.* at 409.

[22] *Id.*

[23] *Id.*

[24] *Id.*; *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009).

[25] Tr. at 17.

[26] *Id.*

[27] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp 2d 724, 729 (N.D. Ohio 2005).

legitimate treating source's opinion that the ALJ had a duty to address.[28]  He totally failed to do so.  Having implicitly rejected controlling weight for Dr. Cheng's opinion, the ALJ did not decide how much weight that opinion should receive.

These particular shortcomings do not qualify for the harmless error exception.  Given that the ALJ totally ignored that part of Dr. Cheng's opinion that stated specific, work-related limitations, and otherwise discounted the opinion with the conclusory explanation that it "failed to reveal ... significant clinical and laboratory abnormalities"[29] not further identified, the ALJ did not meet the goal of the procedural safeguard of reason.[30]  Nor can I conclude that Dr. Cheng's opinion is "so patently deficient that the Commissioner could not credit it."[31]  This case must be remanded for reconsideration of the residual functional capacity finding with proper consideration given to Dr. Cheng's opinion.[32]

On remand, the ALJ should also reconsider Johnson's mental limitations.  The state agency reviewing psychologists, Michael Wagner, Ph.D. and David J. Dietz, M.D., opined that Johnson had mental limitations greater than those incorporated into the residual

---

[28] *Id.*

[29] Tr. at 17.

[30] *Blakley*, 581 F.3d at 409.

[31] *Id.*

[32] The vocational expert testified at the hearing that the incorporation of Dr. Cheng's limitation on lifting in the residual functional capacity finding would render Johnson incapable of performing his past relevant work.  Tr. at 317.

functional capacity finding.[33] The ALJ makes no reference to this opinion, even though it is the only medical source opinion in the administrative record that offers specific, work-related mental limitations.  Significantly, the ALJ called a psychiatrist as a medical expert at the hearing but only questioned him about listings.[34]  The ALJ may not make a residual functional capacity finding without a medical source's assessment of the claimant's work-related limitations.[35]  Because the ALJ here determined Johnson's mental residual functional capacity without reference to the only medical source assessment of that capacity in the record, I must conclude that he did so without reliance upon that assessment.

## Conclusion

Based on the foregoing, the decision of the Commissioner denying Johnson's application for disability insurance benefits is reversed and the case remanded for reconsideration of Johnson's residual functional capacity, with proper consideration of the medical source opinions of Dr. Cheng and the state agency reviewing psychologists.

IT IS SO ORDERED.

Dated:  October 28, 2009   s/ William H. Baughman, Jr.
United States Magistrate Judge

---

[33] Tr. at 245.

[34] *Id.* at 312-13.

[35] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008).